**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

| | | |
|---|---|---|
| **MICHAEL RANEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action, Case No.:** 5:19-cv-91-TBR |
| **v.** | ) | |
| | ) | **JURY DEMAND** |
| **RURAL KING HOLDINGS, LLP,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**COMPLAINT**

---

COMES NOW the Plaintiff, Michael Raney, by and through his undersigned counsel, and for his Complaint states as follows:

**NATURE OF THE COMPLAINT**

1. This is a civil action arising under the laws of the United States and of the Commonwealth of Kentucky and is brought pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

**THE PARTIES**

2. Mr. Raney is a resident of Paducah, McCracken County, Kentucky who was, at all relevant times, an applicant for employment with Defendant Rural King Holdings, LLP at its Paducah, KY facility.

3. Defendant Rural King Holdings, LLP is an Illinois Limited Liability Partnership with its principal office at 4216 Dewitt Avenue, Mattoon, IL 61938. Its registered agent for

service of process is CT Corporation System, which may be served at 306 West Main Street, Suite 512, Frankfort, KY 40601.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Mr. Raney's federal claim pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, because it raises a federal question pursuant to 29 U.S.C § 1331. The Court also has supplemental jurisdiction over Mr. Raney's state-law claim pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts giving rise to this lawsuit occurred in this judicial district and Defendant conducts business and interviewed Mr. Raney for employment in McCracken County, Kentucky, which is located within this judicial district.

6. Mr. Raney filed a timely charge of discrimination with the Equal Employment Opportunity Commission with respect to his claim pursuant to the Americans with Disabilities Act, a copy of which is attached hereto as Exhibit A. Mr. Raney received a Notice of Right to Sue from the EEOC with respect to his federal claims set forth below less than ninety days prior to the filing of this Complaint. A copy of Mr. Raney's Notice of Right to Sue letter is attached hereto as Exhibit B.

**FACTUAL BACKGROUND**

7. Defendant operates a retail store in Paducah, Kentucky at which it stocks and sells items for farming and an outdoor lifestyle.

8. In or about early February 2019, Mr. Raney submitted an online application for all open positions at Defendant's Paducah store.

9. Mr. Raney followed up with a phone call and spoke with a woman named Lisa, who told him they needed someone to help with loading and invited him in for an interview.

10. Mr. Raney reported for the interview and met with Lisa.

11. Lisa commented with approval on Mr. Raney being "such a big guy" and his ability to run a fork lift and a pallet jack. She said: "We'll need you on the schedule this week."

12. Mr. Raney was excited about the job offer, but reminded Lisa, as indicated on his online application, that he could only work part-time.

13. Lisa asked Mr. Raney why he could not work full-time and he responded that his hours were limited because he is on Social Security disability benefits.

14. Lisa's attitude changed at that point and she asked Mr. Raney why he was on disability.

15. Despite being surprised at the inappropriate question, Mr. Raney responded that he had some damage from a gun shot and stab wounds he had suffered in years past.

16. Lisa then asked appropriate functional questions, such as whether he could lift forty- to sixty-pound bags of corn and other aspects of a loading position, with Mr. Raney responding that he performs such activities on a daily basis and could do them on the job.

17. Lisa then left the room and went to an employee-only area. She returned after a few minutes, took the job application from Mr. Raney's hand, said the company did not need him, and told him he needed to leave the store.

18. Mr. Raney was capable of performing the essential functions of the loading position for which Lisa had interviewed him.

19. Defendant employs other individuals on a part-time basis and could have employed Mr. Raney on that basis, at least until he could acclimate to the job to determine that he could discontinue his Social Security disability benefits in favor of full-time hours with Defendant.

20. Defendant's disparate treatment of Mr. Raney was because Defendant regarded him as disabled because of his unrelated medical limitations that qualified him for Social Security disability benefits.

21. The actions of Defendant complained of herein were intentional, willful, deliberate, knowing, and malicious.

22. As a direct, foreseeable, and proximate result of Defendant's wrongful actions, Mr. Raney has suffered pecuniary losses in the form of lost income and lost employment benefits as well as severe emotional distress, emotional pain, suffering, inconvenience, mental anguish, and other non-pecuniary losses, all in an amount to be determined at trial.

**COUNT I**

**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT –**

**REGARDED AS DISABLED**

23. Mr. Raney realleges and incorporates herein the allegations contained in Paragraphs 1 – 22.

24. Defendant's actions constitute a violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*

25. Mr. Raney was able to perform the essential functions of the job for which Defendant interviewed him.

26. Defendant, however, regarded Mr. Raney as disabled because of his receipt of Social Security disability benefits for reasons unrelated to the functions of the job at issue.

27. As a direct and proximate result of Defendant's adverse treatment of Mr. Raney in violation of the Americans with Disabilities Act, Mr. Raney was injured and suffered damages.

28. Mr. Raney has sustained a loss of back pay, benefits, incidental expenses, and front pay.

29. Defendant engaged in the discriminatory practices alleged in the first cause of action with malice and/or with reckless indifference to Mr. Raney's federally protected rights, making Defendant liable for compensatory and punitive damages pursuant to 42 U.S.C. §§ 1981a(a) & (b).

**COUNT II**

**VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT**

30. Mr. Raney realleges and incorporates herein the allegations contained in Paragraphs 1 – 29.

31. Defendant's refusal to hire Mr. Raney because of Defendant's perception of him as disabled constitutes illegal discrimination in violation of the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.010 *et seq.*

32. As a result of Defendant's conduct, Mr. Raney suffered damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays as follows:

1. That Defendant be served and required to answer within the time prescribed by law;

2. That a jury of eight try this case;

3. That, upon the trial of this matter, Plaintiff be awarded judgment for damages of the lost compensation he has suffered from the date of Defendant's actions in an amount to be proven at trial;

4. That the Court issue an award of front pay in an amount to be proven at trial in lieu of reinstatement because the actions described herein and the circumstances surrounding the place of employment have made reinstatement impossible;

5. That the Plaintiff be awarded additional compensatory damages including, but not limited to, damages for emotional distress, pain and suffering, embarrassment, and humiliation, in an amount to be proven at trial for Counts I and II;

6. That Defendant be ordered to pay punitive damages pursuant to Count I in an amount to be determined at trial;

7. That costs and attorney's fees be assessed against Defendant pursuant to 42 U.S.C. § 12205 and Ky. Rev. Stat. § 344.450;

8. That costs and discretionary costs be taxed against Defendant;

9. That pre-Judgment and Post-Judgment interest be assessed against Defendant, as provided by law;

10. That such other remedies as shall be necessary and proper to eliminate all violations complained of herein be awarded as provided by law; and

11. For such other and further relief as the Court may find appropriate.

Respectfully submitted,

s/ D. Wes Sullenger
D. Wes Sullenger, KY BAR # 91861
TN BPR # 021714

Sullenger Law Office, PLLC
629 Washington Street
Paducah, KY 42003
Voice: (270) 443-9401
wes@sullengerfirm.com

*Attorney for the Plaintiff,*
*Michael Raney*